IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL W. BRIGGS | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 3-05-MC-070-G |
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM ORDER

This is a miscellaneous action brought by Michael W. Briggs, a resident of Dallas County,

Texas, to quash a subpoena issued by a federal district court in Hawaii requiring him to travel more

than 3,700 miles to testify in the retrial of a criminal tax fraud case. *United States v. Boulware*, No.

CR 99-00239-ER.  As grounds for his motion, Briggs contends that compliance with the subpoena

would be oppressive and unreasonable because he is "a self-employed businessman who does not

earn money if he is not working."  (Mot. at 2, ¶ II(A)).  Briggs also points out that both the

government and defense counsel had an opportunity to question him when he testified at the first

trial.  Because the subpoena compels his appearance in Hawaii on June 27, 2005, Briggs requests

expedited consideration of his motion.

The court *sua sponte* notes that Briggs has failed to establish any basis for bringing this

action in the Northern District of Texas.  The subpoena in question was issued by the United States

District Court for the District of Hawaii--the court where the underlying criminal case is pending.

Federal Rule of Criminal Procedure 17, which governs subpoenas in criminal cases, does not specify

where a motion to quash a trial subpoena should be filed.[1]  Nor has this court been able to locate any

statute, rule, or case law addressing the issue.  In the absence of controlling legal authority, the court

believes that a motion to quash a trial subpoena in a criminal case must be filed in the court that

issued the subpoena.

Accordingly, Briggs' motion for expedited hearing is granted.  His motion to quash subpoena

in a criminal case is denied without prejudice.[2]

SO ORDERED.

DATED:  June 23, 2005.


JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1]  By contrast, the rule governing subpoenas in civil actions provides that "the court by which a subpoena was issued shall quash or modify the subpoena if it . . . subjects a person to undue burden."  FED. R. CIV. P. 45(c)(3)(A)(iv).

[2]  The court also questions, without deciding, whether a witness in a criminal case may file a motion to quash a trial subpoena on the ground that it is unreasonable or oppressive.  *See* 2 C. Wright, Federal Practice and Procedure § 275 at 253 (3d ed. 2000) (noting that Fed. R. Crim. P. 17(c) applies only to subpoenas duces tecum).